994 So.2d 388 (2008)
The STATE of Florida, Appellant,
v.
Adam CLAYTON, Appellee.
No. 3D08-709.
District Court of Appeal of Florida, Third District.
October 22, 2008.
*389 Bill McCollum, Attorney General, and Heidi Milan Caballero, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Colleen Brady Ward, Assistant Public Defender, for appellee.
Before GERSTEN, C.J., and RAMIREZ and ROTHENBERG, JJ.
ROTHENBERG, J.
The State of Florida ("the State") appeals the trial court's order withholding adjudication, entered over State objection, as a result of the defendant's guilty plea to felony possession of cocaine. Because the defendant has previously been convicted of a felony offense for which he received a withhold of adjudication, the trial court did not provide written reasons justifying the granting of a second withhold of adjudication, and the oral reason articulated by the trial court is invalid, we reverse.
Section 775.08435, Florida Statutes (2007), provides in relevant part:
(1) [T]he court may not withhold adjudication of guilt upon the defendant for:
....
(c) A third degree felony offense if the defendant has a prior withholding of adjudication for a felony offense that did not arise from the same transaction as the current felony offense unless:
1. The state attorney requests in writing that adjudication be withheld; or
2. The court makes written findings that the withholding of adjudication is reasonably justified based on circumstances or factors in accordance with those set forth in s. 921.0026.
The defendant in this case has previously received a withhold of adjudication for a felony offense. Thus, the trial court was required to make written findings that the withholding of adjudication on this subsequent felony offense was justified pursuant to section 921.0026, Florida Statutes (2007). The trial court, however, failed to make any written findings.
The defendant argues that despite the trial court's failure to provide written reasons as required by section 775.08435, the sentence should be affirmed because the trial court "orally pronounce[d] valid *390 reasons for departure at the time of sentencing." We conclude, however, that the reason orally articulated by the trial court in the instant case is not a valid justification for imposing a second withhold of adjudication for a felony drug offense.
Section 921.0026(2), Florida Statutes (2007), provides a list of non-exclusive mitigating circumstances which may justify a downward departure (or a second withhold of adjudication). None of the listed grounds apply to the instant case. The trial court's oral justification for a second withhold of adjudication for the instant felony drug conviction was that the defendant needed to drive his vehicle to work and the trial court did not want to subject the defendant to a suspension of his driver's license.[1] This is not a valid ground for a second withhold of adjudication for a drug offense because section 322.055(1) requires the court to direct the Department of Highway Safety and Motor Vehicles to revoke the driver's license or driving privilege if the driver is eighteen years of age or older and is convicted of a felony drug offense.[2] Because a driver's license suspension is a requirement mandated by statute, a trial court's decision to grant a second withhold of adjudication for a drug offense to avoid the statutory requirement cannot ever be a valid justification.
Because the trial court failed to articulate a valid justification for imposing a second withhold of adjudication, either in writing or orally, we reverse with directions to the trial court to either adjudicate the defendant or to allow the defendant to withdraw his plea.
Reversed.
NOTES
[1] Section 322.055(1), Florida Statutes (2007), provides for a suspension of the driver's license and driving privilege upon a conviction for possession, sale, trafficking, or conspiracy to possess, sell, or traffic a controlled substance. A driver whose license or driving privilege has been suspended or revoked can petition the Department of Highway Safety and Motor Vehicles for a restricted driver's license (for work purposes, etc.) after six months of suspension.
[2] Section 322.055(1) provides:

Notwithstanding the provisions of s. 322.28, upon the conviction of a person 18 years of age or older for possession or sale of, trafficking in, or conspiracy to possess, sell, or traffic in a controlled substance, the court shall direct the department to revoke the driver's license or driving privilege of the person. The period of such revocation shall be 2 years or until the person is evaluated for and, if deemed necessary by the evaluating agency, completes a drug treatment and rehabilitation program approved or regulated by the Department of Children and Family Services. However, the court may, in its sound discretion, direct the department to issue a license for driving privileges restricted to business or employment purposes only, as defined by s. 322.271, if the person is otherwise qualified for such a license.
(emphasis added).